UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINA MARIE LEPSON,

       Plaintiff,

v.                                      CASE NO. 3:25-cv-561-SJH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## MEMORANDUM ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for benefits under Title II of the Social Security Act ("Act"). In a decision dated March 4, 2024, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from July 29, 2021, the alleged disability onset date, through the date of decision. Tr. 21-30. For the reasons herein, the Commissioner's decision is **reversed and remanded** for further administrative proceedings.

## I.    The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable

_____

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A).[2] In making a disability determination, the Social Security Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4).[3]

The ALJ applied this five-step sequential process. Tr. at 21-30.[4] At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 29, 2021, the alleged disability onset date. *Id.* at 23. The ALJ found at step two that Plaintiff has the following severe impairment: "vascular insult to brain (20 CFR 404.1520(c))." *Id.* (emphasis removed). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or equals a listed

---

[2] Because the definitions of disability under Title II and Title XVI of the Act are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[3] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); *Flowers v. Comm'r Soc. Sec. Admin.*, 97 F.4th 1300, 1308 (11th Cir. 2024); *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3-4 (M.D. Fla. July 26, 2024).

[4] Title II of the Act "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (quotation omitted). The ALJ found Plaintiff meets the insured status requirements through December 31, 2025. Tr. at 23.

impairment. *Id.* at 26. The ALJ found that Plaintiff has the following residual functional capacity ("RFC"): "to perform light work as defined in 20 CFR 404.1567(b) except: frequently climb stairs; occasionally climb ladders; should avoid concentrated exposure to hazards." *Id.* at 26 (emphasis removed). The ALJ found at step four that Plaintiff is capable of performing past relevant work, such that she has not been under a disability from the alleged date of onset through the date of decision. *Id.* at 29-30.

## II.    Issue on Appeal

Plaintiff argues on appeal that the ALJ erred in "failing to account for the 'total limiting effects' of Plaintiff's mental health impairment of neurocognitive disorder in finding that she can perform her past highly skilled jobs despite his own finding that her mental impairment causes mild impairment of using information, concentrating and maintaining pace, and managing herself." Doc. 14 at 1 (emphases removed).

## III.   Standard of Review

Plaintiff appeals the denial of her application for benefits under Title II of the Act, 42 U.S.C. § 401 *et seq.*[5] The terms of judicial review are set by 42 U.S.C. § 405(g). Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th

---

[5] The regulations under Title II are located at 20 CFR pt. 404.

Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[6]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "more than a mere scintilla" of evidence, the threshold for this standard "is not high[,]" *id.* (citation omitted), and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. A reviewing court may not "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (citation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1315-16 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards

---

[6] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

4

or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## IV.    Analysis

Plaintiff argues on appeal that the ALJ erred in "failing to account for the 'total limiting effects' of Plaintiff's mental health impairment of neurocognitive disorder in finding that she can perform her past highly skilled jobs despite his own finding that her mental impairment causes mild impairment of using information, concentrating and maintaining pace, and managing herself." Doc. 14 at 1 (emphases removed). More specifically, Plaintiff argues "[t]he ALJ found that Plaintiff had *mild* mental impairments related to the medically determinable impairment of neurocognitive disorder, <u>not none</u>" and thus erred as he did "not include corresponding limitations in the RFC – or explain why they were excluded." *Id.* at 4. The undersigned agrees.

The ALJ found that the only *severe* impairment Plaintiff had was "vascular insult to brain (20 CFR 404.1520(c))." Tr. at 23 (emphasis removed). The ALJ also found Plaintiff had a "medically determinable mental impairment of neurocognitive disorder" but found such mental impairment non-severe. *Id.*

"Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019); *see also Weber v. O'Malley*, No. 8:23-cv-2723-AAS, 2024 WL 4589790, at *3 (M.D. Fla. Oct. 28, 2024); *Silva v. Comm'r of Soc. Sec.*, No. 22-cv-80431, 2022 WL

19354521, at *3 (S.D. Fla. Dec. 12, 2022), *report and recommendation adopted,* 2023 WL 2770962 (S.D. Fla. Apr. 4, 2023); *Amiel v. Acting Comm'r of Soc. Sec.*, No. 8:20-cv-1658-PDB, 2022 WL 843589, at *2 (M.D. Fla. Mar. 22, 2022); 20 C.F.R. § 404.1545(a)(2). Thus, an ALJ's failure to consider a medically determinable impairment, "whether deemed severe or nonsevere, as part of the RFC[,]" is error. *See Silva*, 2022 WL 19354521, at *3; *see also Weber*, 2024 WL 4589790, at *3. Such is the case here.

The ALJ found Plaintiff to have a medically determinable non-severe mental impairment. Tr. at 23. But the ALJ's later RFC determination failed consider the mental impairment. *Id.* at 26-29. Notably, after summarizing the applicable framework and Plaintiff's testimony, the ALJ, before undertaking an RFC analysis, stated: "Upon review of the relevant medical evidence of record *addressing the claimant's severe impairment*, the undersigned notes the following: ...." *Id.* at 27 (emphasis added). Then, after pages discussing the medical evidence, the ALJ stated that "[u]pon review of the medical evidence set forth above, the undersigned finds that such evidence does not establish that the claimant's *impairment* is disabling in nature or prevents her from performing work in accordance with the residual functional capacity assessment set forth above." *Id.* at 29 (emphasis added). Similarly, the ALJ concluded the RFC analysis by stating: "While the claimant's *impairment* produces limitations, the objective evidence as a whole does not suggest that such *impairment* renders claimant unable to perform any work, and the limitations that do exist are adequately accommodated within the residual functional capacity assessment herein." *Id.* at 29

(emphasis added). In sum, the ALJ confined the pertinent RFC review and analysis to Plaintiff's *severe impairment* (singular). *See id.* at 27-29. The corresponding limitations were also purely physical. *Id.* at 26.[7]

This error warrants remand. *See Arce v. Comm'r of Soc. Sec.*, No. 23-11315, 2024 WL 36061, at *2 (11th Cir. Jan. 3, 2024) (holding remand was required as "the ALJ did not apply the correct legal standards," because "[a]lthough the ALJ found mild mental impairments in her step 2 analysis, her RFC assessment at step 4 apparently was limited to [the claimant's] physical abilities and impairments and erroneously

---

[7] An ALJ's decision is properly read as a whole, and "it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]" *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275 (11th Cir. 2024) (quotation omitted). Here, at step two, the ALJ (correctly) acknowledged that "[t]he limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process" and that "[t]he mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." Tr. at 26. But the ALJ provided no such assessment, detailed or otherwise. *Id.* at 26-29. Instead, the ALJ simply stated, without explanation, that "[t]he following residual functional capacity assessment"—which was in turn limited to Plaintiff's singular severe impairment without discussion of her non-severe mental impairment or any corresponding limitations—"reflects the degree of limitation the undersigned has found in the 'paragraph B' mental functional analysis." *Id.* at 26. Thus, reading the decision as a whole reinforces the error warranting remand. *See Ferrara v. Kijakazi*, No. 21-cv-80456-BER, 2023 WL 2388657, at *2 (S.D. Fla. Jan. 3, 2023) (finding nearly identical language insufficient because "[n]otwithstanding her recitation of the applicable law, the ALJ failed to then provide the 'more detailed assessment' required at Steps 4 and 5"; "[d]espite claiming that she 'considered all symptoms' in assessing [the RFC], there is no indication in the ALJ's decision that she did so"; and, to the contrary, the ALJ's analysis of the RFC was "limited strictly to [the claimant's] physical impairments and there is no discussion of his mild mental impairments"); *see also Byron-Corbin v. Colvin*, No. 8:24-cv-703-MSS-CPT, 2025 WL 449850, at *4 (M.D. Fla. Jan. 25, 2025), *report and recommendation adopted*, 2025 WL 448946 (M.D. Fla. Feb. 10, 2025); *Dulude v. Comm'r of Soc. Sec.*, No. 6:20-cv-890-DNF, 2021 WL 4026268, at *4 (M.D. Fla. Sept. 3, 2021); *Thompson v. Comm'r of Soc. Sec.*, No. 8:19-cv-124-T-60JSS, 2020 WL 1067162, at *4 (M.D. Fla. Jan. 15, 2020), *report and recommendation adopted*, 2020 WL 1065181 (M.D. Fla. Mar. 5, 2020).

omitted considering her mental ones"); *Mompie v. Kijakazi*, No. 22-cv-24081, 2024 WL 1131041, at *2 (S.D. Fla. Mar. 15, 2024) ("[E]ven if the ALJ finds at step two that a claimant's mental impairments are mild, the ALJ must nevertheless consider how the 'non-severe mental limitations affected her RFC' at step four."); *Ashcraft v. Comm'r of Soc. Sec.*, No. 8:23-cv-344-JSS, 2024 WL 619553, at *3 (M.D. Fla. Feb. 14, 2024) ("Upon consideration, the court finds that despite finding that Plaintiff has medically determinable mental impairments at step two, the ALJ failed to adequately consider Plaintiff's mental impairments in formulating his RFC at step four."); *see also Byron-Corbin v. Colvin*, No. 8:24-cv-703-MSS-CPT, 2025 WL 449850, at *3-6 (M.D. Fla. Jan. 25, 2025), *report and recommendation adopted*, 2025 WL 448946 (M.D. Fla. Feb. 10, 2025); *Ferrara v. Kijakazi*, No. 21-cv-80456-BER, 2023 WL 2388657, at *2 (S.D. Fla. Jan. 3, 2023); *Dulude v. Comm'r of Soc. Sec.*, No. 6:20-cv-890-DNF, 2021 WL 4026268, at *4 (M.D. Fla. Sept. 3, 2021); *Thompson v. Comm'r of Soc. Sec.*, No. 8:19-cv-124-T-60JSS, 2020 WL 1067162, at *4 (M.D. Fla. Jan. 15, 2020), *report and recommendation adopted*, 2020 WL 1065181 (M.D. Fla. Mar. 5, 2020).[8]

Defendant argues that substantial evidence supports "the ALJ's determination regarding Plaintiff's non severe mental impairment" and that "the ALJ properly found Plaintiff's mental impairments were non severe." Doc. 19 at 5-11. That misconstrues Plaintiff's argument and misses the point. *See, e.g.*, *Byron-Corbin*, 2025 WL 449850, at

---

[8] The statement that the ALJ considered all of Plaintiff's symptoms in formulating the RFC, Tr. at 26, does not cure the error identified herein, *see Arce*, 2024 WL 36061, at *2 n.1; *Mompie*, 2024 WL 1131041, at *2; *Ashcraft*, 2024 WL 619553, at *3.

*6 (rejecting argument "that the ALJ 'fully' evaluated the Plaintiff's mental impairments at step two" because such an argument "misapprehends the Plaintiff's claim" as "[t]he deficiency with the ALJ's decision … is that it does not adequately demonstrate that the ALJ properly assessed the Plaintiff's mental impairments at step four, as he was compelled to do"); *Ashcraft*, 2024 WL 619553, at *4 (collecting authority and explaining that "Defendant's argument that the ALJ did not err in finding Plaintiff's mental impairments to be not severe at step two does not address Plaintiff's contention that the ALJ erred in formulating his RFC at step four"); *see also Arce*, 2024 WL 36061, at *2 n.1 ("[W]e decline to simply assume—because the ALJ considered Arce's mental limitations at step 2 and found them to be non-severe—that the ALJ did in fact consider whether Arce's mental limitations affected her RFC, and just concluded *sub silencio* that they imposed insufficient limitation on her ability to work to warrant mention of them in Arce's RFC.").[9]

---

[9] Indeed, Plaintiff does *not* challenge the ALJ's determination of non-severity at step two. *E.g.*, Doc. 14 at 5 ("Thus, even when the claimant does not challenge the ALJ's step 2 finding regarding mental impairments, a denial is erroneous if the RFC finding fails to account for all the limitations stemming from a claimant's non-severe impairments."). Yet, and tellingly, Defendant's "substantial evidence" argument cites entirely to the ALJ's discussion at step two without any citation to the ALJ's later RFC discussion. Doc. 19 at 5-11. Indeed, Defendant's only analysis concerning step four is predicated on the bare assumption that the RFC was properly assessed. *Id.* at 11-14. For the reasons herein, Defendant's omissions are understandable, as the RFC discussion does not lend to a persuasive argument that the ALJ, as required, considered *all* impairments, severe and non-severe. But even if such an argument *could* be crafted, Defendant's failure to do so or to meaningfully address with record support the actual issue raised by Plaintiff can be deemed a forfeiture. *See, e.g., Kane v. Comm'r of Soc. Sec.*, No. 6:17-cv-176-Orl-DCI, 2018 WL 3219373, at *3 (M.D. Fla. July 2, 2018) (rejecting Commissioner's argument as "without merit" where "the Commissioner failed to direct the Court to any evidence, let alone substantial evidence," on the point at issue

In short, the ALJ may not have ultimately been required to include mental limitations in the RFC based solely on a non-severe mental impairment, but he was required to consider all severe and non-severe impairments and properly explain his determination.[10] The failure to do so warrants remand. *See Arce*, 2024 WL 36061, at *2; *Byron-Corbin*, 2025 WL 449850, at *3-6; *Mompie*, 2024 WL 1131041, at *2; *Ashcraft*, 2024 WL 619553, at *3; *Ferrara*, 2023 WL 2388657, at *2; *Dulude*, 2021 WL 4026268, at *4; *Thompson*, 2020 WL 1067162, at *4.

## V.    Conclusion

Accordingly, it is **ordered**:

1.    The Commissioner's decision is **reversed** and this case is **remanded** to the Commissioner for further proceedings consistent with this Order; and

---

but instead argued that substantial evidence supported "issues not directly in dispute" such that the "the Commissioner attack[ed] a straw man" but failed "to squarely address Claimant's argument"); *cf. Nash v. Comm'r of Soc. Sec.*, No. 8:23-cv-230-CPT, 2024 WL 1191930, at *6 (M.D. Fla. Mar. 20, 2024) (collecting authority and deeming waived a perfunctory and undeveloped argument).

[10] To be sure, the ALJ's RFC discussion does repeat certain limited earlier discussion appearing to potentially pertain to Plaintiff's mental limitation, including, for example, some activities of daily living and Plaintiff's scores on a Mini Mental Status Examination. Tr. at 27-28. But Defendant does not cite to this limited discussion or make argument on it. *See supra* note 9. Regardless, as discussed, no such argument would be persuasive given the context in which this limited discussion appears—both preceding and succeeding repeated statements confining review to Plaintiff's singular severe impairment. Tr. at 27, 29. Thus, it would be particularly inappropriate in this circumstance to assume that the ALJ went beyond what was stated and properly considered Plaintiff's non-severe mental impairment in formulating the RFC. *See Arce*, 2024 WL 36061, at *2 n.1; *Byron-Corbin*, 2025 WL 449850, at *4-6. Nor can the Court affirm on a post-hoc rationale that might have supported the ALJ's conclusion. *See, e.g., Lowery v. Acting Comm'r, Soc. Sec. Admin.*, No. 22-13913, 2024 WL 890133, at *4 (11th Cir. Mar. 1, 2024); *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984); *Jasper v. Saul*, No. 8:19-cv-711-T-CPT, 2020 WL 5270671, at *5 (M.D. Fla. Sept. 4, 2020).

2.    The Clerk of Court is **directed** to enter judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g) and to close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on January 26, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record